FILED
APR 22 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAURENCE SEINDENFELD,

   Plaintiff,

vs.

UNITED STATES OF AMERICA,

   Defendants.

CV 08   2102
Complaint
Civil Action No.:_____
E-filing

MHP (PR)

### PRELIMANARY STATEMENT:

  This is a civil action being filed by plaintiff, Laurence Seindenfeld, a a federal inmate for compensatory damages in the amount of three-thousand dollars, ($ 3,000.00) for being negligent in the loss of plaintiff's hearing aid devise. Plaintiff filed a tort claim based on negligence of the defendants. ( Tort Claim No. TRT-WXR-2007-04589 ). In a letter dated November 20, 2007 stated that an investigation fail to disclosed any evidence of negligence or other conduct for which the United States is liable, and the claim was denied. The letter also stated that if you are not satisfied with the decision, a suit could be filed within six (6) months from the date of this letter, in the appropriate United States Court.( see Ex.  1  )

### JURISDICTION:

  1. The Court has juriisdiction over this matter of plaintiff tort claim under the Federal Tort Claims Act, 28 U.S.C. 1346 (b), 2671 et. seq. ("FTC"), & § 1367.

### PARTIES:

  2. Plaintiff, Laurence Seindenfeld, was at Federal Correctional Institution ("FCI") Dublin California during the events described in this complaint.

  3. Defendant, United States of America, pursuant to the Federal Tort Claims Act

("FTCA") provides the exclusive remedy for bringing a claim for injury or loss of property, or death resulting from wrongful act of a federal government employee. 28 U.S.C. § 2679. Futhermore, the FTCA specifies that: Upon certification by the Attorney General that the defendant employees is acting within the scope of his office at the time of the incident out of which the claim arose, any civil action or proceeding against commenced upon such claim shall be deemed to be an action or proceeding against the United States under the provision of this title and all reference thereto, and the United States shall be as the party defendant. 28 U.S.C. § 2679 (d) (1). In the instant case, each defendant that was involved in plaintiff case should be approved for representation by the United States Government and therefore, be deemed employees acting within the scope of their employment with respect to all claims by plaintiff.

4. Jane and John Doe, are unknown to plaintiff, based on the fact that plaintiff did not receive an Inmate Property form that is required when an officer receive personal property from an inmate, therefore plaintiff does not know the officer that did the inventory of his property.

**MATERIAL FACTS:**

5. Plaintiff Laurence Seindenfeld, was sentence to seventy-nine, (79) months on October 24, 2006 and was designated to Federal Medical Center, Rochester MN., and to self-surrender, by January 7, 2007.

6. Plaintiff did not self-surrender at the Federal Medical Center, Rochester, MN, instead self-surrended at Federal Correctional Institution Dublin (FCI) California. Upon plaintiff arrival at FCI Dublin, all personal property was taken.

There was his hearing aid devise among the items taken by staff at R&D.

7. On about January 24, 2007 plaintiff was transferred to Federal Correctional Institution,(FCI) Victorville, California and the hearing aid device was missing, therefore, the the loss of the hearing aid devise was between FCI Dublin and FCI Victorville, California.

8. Plaintiff never received an Inmate Personal Property form (BP-383) that is required by the Bureau of Prisons staff to inventory an inmate personal property and place the original copy in the inmate central file. Plaintiff had limited knowledge as to the procedures by the BOP staff at R&D, based on the fact this is plaintiff first time, as a federal inmate. ( see Ex._ 2 _)

9. The basis elements of a prisoner's negligence claims are: (1) aduty on the part of prison personnel to follow a certain standard of care to protect prisoners from unreasonable risk; (2) a failure by prison personnel, to perform their duty; (3) actually injury caused )or " proximately caused " ) by the failure to perform that duty." The Supreme Court has held that " duty of care " owed by the Bureau of Prisons is fixed by 18 U.S.C. § 4042: provide suitable quarters and provide safekeeping and care for inmates property.

10. Attached is a Hearing Device Purchase Agreement, that shows the date the hearing aid device was purchase, in the amount of three-thousand dollars, ($3,000.00). Clearly plaintiff have stated a claim upon which recovery may be granted based on the fact that prison officials were negligent resulting on the loss of plaintiff's hearing device. ( see Ex._ 3 _)

**AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:**

1. Award compensatory damages in the amount of Three Thousand Dollars ($3.000.00) against the Defendants for being negligent in the loss of plaintiff's hearing aid device.

2. Award compensatory damages and any other relief it may appear that plaintiff is entitled.

3. Plaintiff would be satisfied if the Bureau of Prisons were to replace hearing aid device with another one of equal quality.

### CONCLUSION

This Court should grant plaintiff's Motion for Summary Judgment based on the facts that plaintiff has stated a claim, upon which relief can be granted. Moveover, plaintiff is entitled to judgment as a matter of law because plaintiff have provided set of facts that is actionable under the Federal Tort Claims Act. Plaintiff has shown action in his complaint of negligence with applicable law. Thus, this action should be granted.

Dated: 4/12/08

Respectfully submitted,

Laurence Seindenfeld, pro se
# 93084-011
Federal Medical Center
Rochester, MN 55903

-4-



exhibit 1

**U.S. Department of Justice**

**Federal Bureau of Prisons**

*Western Regional Office*
*7950 Dublin Boulevard, Third Floor*
*Dublin, California 94568*

**VIA CERTIFIED MAIL**                    NOV 20 2007

Laurence Seidenfeld
Reg. No. 93084-011
Federal Medical Center
P.O. Box 4000
Rochester, MN 55903

Re:  Administrative Claim No. TRT-WXR-2007-04589

Dear Mr. Seidenfeld:

   This is in response to the administrative claim that was submitted to this office under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, et seq. You seek compensation in the amount of $3,000.00 for the alleged loss of personal property as a result of events at the Federal Correctional Institution, Dublin, California, on January 24, 2007.

   Investigation fails to disclose any evidence of negligence or other conduct for which the United States is liable. You have failed to establish that you have suffered a loss or personal injury as a result of staff negligence in this matter.

   Accordingly, your claim is denied. If you are not satisfied with this determination, you are afforded six months from the date of the mailing of this letter via certified mail within which to bring suit in the appropriate United States Court.

                                        Sincerely,

                                        Harlan W. Penn
                                        Regional Counsel

cc:  Warden
     FCI Dublin

HWP/mcs

exhibit 2

**U.S. Department of Justi**
Federal Bureau of Prisons

**Inmate Personal Property Record—**
Institution: _____

| 1. Name: | Number: | 3. Unit: | 4. Date and Time of Inventory |
|---|---|---|---|

**5. Purpose of Inventory (**
a.___ Admission   b.___
g.___ Incoming package   h.___ Other (specify)

n: _____
___ Detention   f.___ Release

**6. Disposition (Disp.)**
D – Donated   M – Mail   S – Storage
K – Keep in Possession
C – Contraband (Attach BP-Record-102)

**7. Type of Property:**

**a. Personally Owned Items**

| # Article | Disp. | # Article | Disp. | # Article | Disp. | # Article | Disp. |
|---|---|---|---|---|---|---|---|
| | | Plastic spoon, cup | | **b. Hygiene, etc.** | | **d. Food/Tobacco Items** | |
| | | Playing cards | | Dental floss | | Canned tobacco | |
| Batteries | | Purse | | Dentures | | Chewing tobacco | |
| Belt | | Radio (w/earplug) | | Deodorant | | Cigarettes | |
| Billfold | | Religious medals | | Hair oil | | Cigars, snuff | |
| Books, reading | | Ring | | Noxzema | | Coffeemate | |
| hard___, soft___ | | Shirt/blouse | | Powder | | Cold drink mix, soda | |
| Books, religious | | Shoes | | Razor | | Fruit | |
| hard___, soft___ | | Shoes, shower | | Razor blades | | Honey, Hi-protein | |
| Brassiere | | Shoes, slippers | | Shampoo | | Instant chocolate | |
| Cap, Hat | | Shoes, tennis | | Shaving lotion | | Instant coffee | |
| Coat | | Shorts | | Skin lotion | | Instant tea | |
| Coins | | Skirt | | Soap | | Pipe cleaner/filters | |
| Comb | | Slip | | Soap dish | | Pipes | |
| Combination lock | | Social security card | | Toothbrush | | | |
| Dress | | Socks | | Toothpaste | | | |
| Driver's license | | Socks, athletic | | | | | |
| Earplugs | | Stamps | | | | | |
| Eyeglass case | | Stockings | | | | | |
| Eyeglasses | | Sunglasses | | | | | |
| Gloves | | Sweater | | | | | |
| Hair brush/pick | | Sweat pants | | | | | |
| Handkerchief | | Sweat shirt | | | | | |
| Jacket | | Trophy | | | | | |
| Jogging suit | | T-Shirts | | **c. Hobbycrafts** | | **e. Miscellaneous** (List any damaged property and from where it was received; e.g., U.S. Marshal) | |
| Legal Materials | | Underwear | | # Article | Disp. | | |
| Letters | | Watch/watch band | | | | | |
| Magazines | | Wig | | | | | |
| Mirror | | | | | | | |
| Nail Clippers | | | | | | | |
| Pant/slacks | | | | | | | |
| Pen, ballpoint | | | | | | | |
| Pencils | | | | | | | |
| Personal papers | | | | | | | |
| Photo album | | | | | | | |
| Photos | | | | | | | |

**8. Items Alleged by Inmate to Have Value Over $100.00**
Description of Property                                                                    Value Alleged by Inmate

☐ No individual item over $100.00

**9. Article(s) Listed as "Mail" (M) Are to be Forwarded to (Name and Address of Consignee):**

**10. Claim Release:** a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.

Comments   **Exhibit   2   see back page**

Printed Name/Signature of Receiving Officer: _____ Date: _____ Time: _____

I have today reviewed the property returned to me. Signature of Inmate: _____ Reg. No.: _____ Date: _____ Time: _____

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Releasing Officer: _____ Date: _____ Time: _____

I have today reviewed the property returned to me. Signature of Inmate _____ Reg. No.: _____ Date: _____ Time: _____

Original — Inmate's Central File; CC: Inmate, R & D, Special Housing

BP-383(58)
October 1982

## GENERAL INSTRUCTIONS AND PROCEDURES FOR HANDLING INMATE PERSONAL PROPERTY
(For specific information on Disposition of Offender Personal Property refer to Chapter 15, PS 5500.1, Custodial Manual.)

1. The officer preparing the inventory is to list all property picked up, including that property identified as contraband. The officer is to show the quantity of each item in the first blank space preceding the name of the property. Property is not to be identified as "1 Lot." Upon completion of the inventory, both the form and property are fowarded to the receiving unit. The officer is to certify the inventory by signature in the space below.

Signature of Officer Preparing Inventory: _____ Date: _____ Time: _____

Printed Name of Officer Preparing Inventory: _____

2. The receiving officer will, as soon as practicable after receipt of the property, review the inventory with the inmate to verify the accuracy of the inventory. The receiving officer is to give the inmate all allowable items, and record this action by placing a "K" in the "Disp." space opposite the name of the property. Property which is not allowed in the inmate's possession is recorded by placing a "S" in the "Disp." space opposite the name of the property. Property marked "S" is stored until the inmate is able to receive the property (for example, release from the unit). Property which is donated is recorded by placing a "D" in the "Disp." space opposite the name of the property. Property which is to be mailed to another person is recorded by placing a "M" in the "Disp." space opposite the name of the property. When property is mailed out, each package is to be individually inventoried and accounted for by certified mail slip, etc. (See Chapter 15, Custodial Manual). Property identified as contraband is recorded by placing a "C" in the "Disp." space opposite the name of the property. The "Confiscation and Disposition of Contraband" form is also to be completed.

The receiving officer certifies receipt, review, and disposition of the property by signing in section 10 (a), page 1, of this form. In the same section, the inmate, by signing, certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated (D), receipt of all allowable items (K), and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve the discrepancy. (Note: The inmate signs the existing Form 40. A new form 40 ordinarily is not prepared by the receiving institution.)

3. Upon an inmate's release from the unit, detention, etc., the releasing officer is to give the inmate that property which has been stored as a result of the placement. The releasing officer certifies release of the property by signing in section 10 (b), page 1, of this form. In the same section, the inmate, by signing, certifies receipt of all property marked "S". When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve the discrepancy.

4. In unusual circumstances, such as receiving an inmate just prior to shift change, whereby the receiving officer cannot dispose of the property in the prescribed manner, the receiving officer is to store the property and notify the relief officer of the need to inventory the property. In such cases, the relief officer also becomes the receiving officer and signs in the appropriate space.

## ADDITIONAL INSTRUCTIONS & PROCEDURES — SPECIAL HOUSING UNITS
(In addition to the general instructions above, the following procedures are to occur whenever an inmate is placed in a special housing unit.)

1. When an inmate is placed in special housing status, that inmate's property is to be secured as soon as possible. The inmate is to be given the opportunity to advise staff of the inmate's property and its location within the housing area. Where property is not immediately removed from the inmate's regular housing area, staff is to ensure that the property is placed in the inmate's locker and is secured with a Captain's lock (not the inmate's own lock). The name of the officer securing the property is to be recorded in the space below.

Signature of Officer Securing Property: _____ Date: _____ Time: _____

Printed Name of Officer Securing Property: _____

2. When an inmate is placed in special housing status, the name of the officer assigned to pick-up and inventory the property is to be recorded the the space below and in the log book. Where practicable, the same officer should handle the securing, pick-up and inventory of the inmate's property.

Signature of Officer Picking-Up Property: _____ Date: _____ Time: _____

Printed Name of Officer Picking-Up Property: _____

3. Where possible, one of the officers working in detention is designated property officer. That officer has general responsibility for the property and, except in unusual circumstances, property is only issued during that officer's shift, so that one officer supervises and documents the disposition of property.

4. A copy of the Form 40 or, for intra-unit movement, a local form for identifying inmate personal property is to be retained within the Special Housing Unit for at least two years.

exhibit 3

# CALIFORNIA EAR INSTITUTE

## Hearing Device Purchase Agreement

Name: **LAURENCE SEIDENFELD**

Audiologist: **Terri Bosiljevac, MA, CCC-A AU 2308 / HT 7070**

|  | Right Device | Left Device | Remote Control / FM System |
|---|---|---|---|
| Manufacturer: | Oticon | not applicable | not applicable |
| Model: | SYNCRO HALF SHELL | | |
| Serial Number: | A053 96 763 / A065 48 764 (8-14-06) Replacement | | |
| Battery Size: | 312 | | |
| Repair Warranty: | Two years | Lost | |
| Loss/Damage: | One year | | |
| Purchase Date: | 7/7/2005 | | |
| Purchase Price: | $3,000.00 | | |

Total Cost: **$3,000.00**

pd - 7-7-05

### Purchase Agreement and Delivery Receipt

Unless otherwise indicated, the above equipment is new and warranted by the manufacturer against defects in material and workmanship for a period of two years from the date of purchase. The manufacturer's charge for replacement of a lost hearing device is $150.00.

I understand that this transaction may be canceled at anytime within forty-five (45) days. If canceled, I will be refunded the total cost of the hearing device(s). Note regarding refunds: If the purchase is made via cash, check or ATM, the refund will be issued via check. If the purchase is made via credit card, the refund will be issued to the same credit card and account number, no exceptions.

This assistive device is warranted to be specifically fit for the particular needs of me, the buyer. If the device is not specifically fit for my particular needs, it may be returned to the seller within forty-five (45) days of the date of actual receipt by me or completion of fitting by the seller, whichever occurs later. If I return the device, the seller will either adjust or replace the device or promptly refund the total amount paid. This warranty does not affect the protection and remedies I have under other laws.

I certify that I have received a copy of the User Instructional Brochure and have reviewed it with the hearing aid dispenser.

I have been warned that batteries can be dangerous or fatal if swallowed.

_____     _____
Patient Signature                        Dispensing Audiologist

_____
Responsible Party / Purchaser

www.californiaearinstitute.com

| PALO ALTO | SAN RAMON | SAN JOSE |
|---|---|---|
| 1900 University Avenue, Suite 101 | 5801 Norris Canyon Road, Suite 200 | 2400 Samaritan Drive, Suite 100 |
| E. Palo Alto, CA 94303 | San Ramon, CA 94583 | San Jose, CA 95124 |
| Telephone (650) 494-1000 | Telephone (925) 830-9116 | Telephone (408) 540-5400 |
| Fax (650) 322-8228 | Fax (925) 866-1699 | Fax (408) 540-5419 |

